The United States argues that the district court's failure to comply with Rule 32(c)(3)(A) does not require a new sentencing hearing unless Mitchell can show actual prejudice as a result of the error. We disagree. "If the procedures [established by Rule 32(c)(3)(A)] are not followed, this court should remand for resentencing." *United States v. Schultz*, 855 F.2d 1217, 1224 (6th Cir. 1988).

We have previously recognized the significant role that Rule 32's requirements play in ensuring a just adjudication at the sentencing hearing, by requiring literal compliance with Rule 32(c)(1). *See United States v. Tackett*, 113 F.3d 603, 613 (6th Cir. 1997). The literal compliance requirement "helps to ensure that defendants are sentenced on the basis of accurate information and provides a clear record for appellate courts, prison officials, and administrative agencies who may later be involved in the case." *Id.* at 613-14. Those concerns are no less present here, where the district court failed to determine whether Mitchell even read his presentence report, much less whether he was afforded the opportunity to discuss it with his counsel.

Our holding that district courts must literally comply with Rule 32(c)(3)(A) does not alter our long-held rule that they need not affirmatively inquire as to whether a defendant has read and discussed his presentence report with counsel, although we urge district courts to discourage non-meritorious appeals by simply making such an inquiry a regular part of the sentence hearing. But the fact that Rule 32(c)(3)(A) imposes only a modest burden on district courts in no way relieves those courts of their duty to comply with the Rule's mandates. *See United States v. Manni*, 810 F.2d 80, 84 (6th Cir. 1987). Here, the district court had a duty to determine that Mitchell and his attorney had read and discussed Mitchell's presentence report. The failure to do so requires resentencing.

III.

For the foregoing reason, we vacate Mitchell's six-year sentence, and remand for resentencing.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0074P (6th Cir.)
File Name: 01a0074p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

              v.                          No. 99-4272

ROBERT LEE MITCHELL,
      *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 99-00030—George C. Smith, District Judge.

Argued: March 6, 2001

Decided and Filed: March 19, 2001

Before: MARTIN, Chief Judge; MOORE, Circuit Judge; TARNOW, District Judge.[*]

_____

[*] The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

———————————

**COUNSEL**

———————————

**ARGUED:** David J. Graeff, Columbus, Ohio, for Appellant. Michael J. Burns, ASSISTANT UNITED STATES ATTORNEY, Columbus, Ohio, for Appellee. **ON BRIEF:** David J. Graeff, Columbus, Ohio, for Appellant. Michael J. Burns, ASSISTANT UNITED STATES ATTORNEY, Columbus, Ohio, for Appellee.

———————————

**OPINION**

———————————

BOYCE F. MARTIN, JR., Chief Judge. Robert Lee Mitchell appeals his six-year sentence for possession with intent to distribute cocaine. For the following reason, we VACATE his sentence and REMAND to the district court for resentencing.

I.

On February 23, 1999, Federal Drug Enforcement Administration Task Force agents received information that Mitchell, a suspected drug courier, was flying into the Columbus, Ohio airport from Los Angeles. After Mitchell deplaned, officers approached him, identified themselves, and after a few minutes of conversation, asked Mitchell for consent to search his bag. When Mitchell tentatively refused, the officers advised him they had "more information" about him than he realized. Mitchell then admitted his bag contained narcotics, and accompanied the officers to an airport office where a search revealed five wrapped packages containing a total of almost five pounds of cocaine. Mitchell subsequently pleaded guilty to one count of possession with intent to distribute a controlled substance.

At the sentencing hearing on October 14, the district court asked defense counsel whether Mitchell had any objections to the presentence report, but did not ask whether Mitchell's counsel had discussed the report with Mitchell. The report had calculated an offense level of twenty-three and a criminal history category of IV, resulting in a sentencing range between five years and ten months, and seven years and three months. Mitchell's counsel stated there were no objections and that although he had some concerns about the report, "after a review of the Federal Sentencing Guidelines and after extensive discussions with Tina Ankrom in the Probation Department, [he could] understand and agree with how she came to her evaluation of this particular case." Mitchell's counsel then requested that the district court impose a sentence "in the minimum within the Guidelines that are set forth by the Probation Department for several reasons" relating to Mitchell's background. The district court sentenced Mitchell to six years.

II.

Mitchell raises four issues on appeal, all of which address alleged error at the sentencing hearing. Nonetheless, because we agree with Mitchell's argument that the district court's failure to comply with Federal Rule of Criminal Procedure 32(c)(3)(A) requires a new hearing, we decline to address any of Mitchell's other claimed errors.

Under Rule 32(c)(3)(A), the district court must "verify that the defendant and the defendant's counsel have read and discussed the presentence report." The district court need not make an affirmative inquiry, so long as it can somehow determine that defendant and counsel have read and discussed the report. *See United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988). Mitchell's counsel's arguments at the sentencing hearing indicated both that he had read the presentence report and that he and Mitchell had discussed Mitchell's background. The hearing transcript does not, however, demonstrate that Mitchell and his counsel "read and discussed" the report itself. Accordingly, the district court could not have made such a determination as required by Rule 32(c)(3)(A).